Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE.    Attach additional pages if necessary.*

11th Circuit Docket Number: 22-12451

Caption:
Peoples Party of Florida; Elise Mysels; Carolyn Wolfe; Victor Nieto
v.
Florida Dept. of State, Division of Elections; Cord Byrd, Secretary of State; Brian Corley, Pasco County Supervisor of Elections, in their Official Capacities.

District and Division: Middle Dist. Florida
Name of Judge: Hon. Thomas Barber
Nature of Suit: 42 U.S.C. Sec. 1983 - Elections
Date Complaint Filed: June 3, 2022
District Court Docket Number: 8:22-cv-01274
Date Notice of Appeal Filed: July 26, 2022
☐ Cross Appeal    ☐ Class Action
Has this matter previously been before this court?
☐ Yes    ☑ No
If Yes, provide
(a)    Caption: _____
(b)    Citation: _____
(c)    Docket Number: _____

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant:<br>☑ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Christopher Kruger<br>KRUGER & GRUBER | 205 N. Michigan Ave.<br>Suite 810<br>Chicago, IL 60611 | Ph. 847 420 1763<br>Fax 847 733 0135<br>chris@krugerandgruber.com |

For Appellee:
☐ Plaintiff
☐ Defendant
☐ Other (Specify)

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☐ Federal Question | ☐ Final Judgment, 28 USC 1291 | ☐ Dismissal/Jurisdiction | Amount Sought by Plaintiff:<br>$ 42 U.S.C. 1988 _____ |
| ☐ Diversity | ☑ Interlocutory Order, 28 USC 1292(a)(1) | ☐ Default Judgment | Amount Sought by Defendant:<br>$ _____ |
| ☐ US Plaintiff | ☐ Interlocutory Order Certified, 28 USC 1292(b) | ☐ Summary Judgment | Awarded:<br>$ _____ |
| ☐ US Defendant | ☐ Interlocutory Order, Qualified Immunity | ☐ Judgment/Bench Trial | to _____ |
| | ☐ Final Agency Action (Review) | ☐ Judgment/Jury Verdict | Injunctions:<br>☐ TRO<br>☑ Preliminary<br>☐ Permanent |
| | ☐ 54(b) | ☐ Judgment/Directed Verdict/NOV | ☐ Granted  ☑ Denied |
| | | ☑ Injunction | |
| | | ☐ Other _____ | |

Page 2                                                                11th Circuit Docket Number: 22-12451 _____

Based on your present knowledge:

(1)    Does this appeal involve a question of First Impression?    ☑Yes    ☐No
       What is the issue you claim is one of First Impression? Consitutionality of Fla. Stat. 99.021 which became effective May 6, 2021 _____

(2)    Will the determination of this appeal turn on the interpretation or application of a particular case or statute?    ☑Yes    ☐No

       If Yes, provide
       (a)    Case Name/Statute  Tashjian v. Republican Party of Connecticut, as applied to Fla. Stat. 91.021 _____
       (b)    Citation  479 U.S. 208 (1986) at page 215 _____
       (c)    Docket Number if unreported _____

(3)    Is there any case now pending or about to be brought before this court or any other court or administrative agency that
       (a)    Arises from substantially the same case or controversy as this appeal?    ☐Yes    ☑No
       (b)    Involves an issue that is substantially the same, similar, or related to an issue in this appeal?    ☐Yes    ☑No

       If Yes, provide
       (a)    Case Name _____
       (b)    Citation _____
       (c)    Docket Number if unreported _____
       (d)    Court or Agency _____

(4)    Will this appeal involve a conflict of law
       (a)    Within the Eleventh Circuit?    ☐Yes    ☑No
       (b)    Among circuits?    ☐Yes    ☑No

       If Yes, explain briefly:

(5)    Issues proposed to be raised on appeal, including jurisdictional challenges:

       Statute requires a nominee to be a registered voter with the subject party for
       365 days before the first day of the "Qualifying Period," which is 148 days
       before General Election in current cycle, violating Tashjian, supra, 408 U.S.
       at 215. Because statute contains no exemption for newly-formed parties or
       newly-formed candidacies, the statute discriminates, contrary to Williams,
       393 U.S. 23 (1968), Anderson, 460 U.S. 780 (1983), & Norman, 502 U.S.
       279 (1992); because of its propensity to "lock-out" candidates it further
       violates Anderson. The District Court's denial of injunctive relief violates
       McCarthy v. Askew, 540 F 2d 1254 (1976).

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND

SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS 29 _____ DAY OF JULY _____, 2022 _____.

Christopher Kruger _____                    /s/ Christopher Kruger _____
NAME OF COUNSEL (Print)                              SIGNATURE OF COUNSEL