No. 22-12451

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

_____

THE PEOPLE'S PARTY OF FLORIDA; ELISE MYSELS; CAROLYN WOLFE; & VICTOR NIETO,

*Plaintiffs-Appellants*

v.

THE FLORIDA DEPARTMENT OF STATE, DIVISION OF ELECTIONS; CORD BYRD, SECRETARY OF STATE; & BRIAN CORLEY, PASCO COUNTY SUPERVISOR OF ELECTIONS,

*Defendants-Appellees*

_____

On Appeal from the United States District Court
for the Middle District of Florida, Tampa Division
No. 8:22-cv-1274 TPB-MRM (Hon. Thomas Barber)

_____

**PLAINTIFFS-APPELLANTS' MOTION TO EXPEDITE APPEAL OF ELECTION CASE**

*Challenge to the Constitutionality of Fla. Stat. § 99.021*

_____

/s/ Christopher Kruger

Christopher Kruger (Bar No. 6281923)
KRUGER & GRUBER, LLP
205 N. Michigan Avenue, Suite 810
Chicago, Illinois 60611
847 420 1763
chris@krugerandgruber.com
Counsel for Plaintiffs-Appellants

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiffs–Appellants certify that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1. Honorable Thomas Barber, *District Court Judge*
2. Andy Bardos, *Attorney for Defendants/Appellees*
3. Cord Bryd, *Defendant*
4. Brian Corely, *Defendant*
5. Ashley E. Davis, *Attorney for Defendants/Appellees*
6. Christopher Kruger, *Attorney for Plaintiffs/Appellants*
7. Honorable Mac R. McCoy, *Magistrate Judge*
8. Bradley Robert McVay, *Attorney for Defendants/Appellees*
9. Elise Mysels, *Plaintiff*
10. Victor Nieto, *Plaintiff*
11. Honorable Anthony Porcelli, *Magistrate Judge*
12. Vanessa Reichel, *Attorney for Defendants/Appellees*
13. Carolyn Wolfe, *Plaintiff*

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: July 28, 2022

*s/Christopher Kruger*
Christopher Kruger
*Counsel for Plaintiffs-*

*Appellants*

# MOTION TO EXPEDITE APPEAL

Pursuant to 28 U.S.C. § 1657(a), Federal Rule of Appellate Procedure 27, and this Court's Internal Operating Procedure 27.3, Plaintiffs-Appellants respectfully move for expedited consideration of this appeal from the orders issued on June 22, 2022 & July 25, 2022 by the U.S. District Court for the Middle District of Florida, denying Plaintiffs' Emergency Motion for Preliminary Injunction and Rule 59(e) Motion to Reconsider. See District Court Orders, *People's Party of Florida, et al, v. Florida Department of State, Division of Elections, et al.* No. 22-1274, Docs. 5, 14, 24, 25 & 32 (Exhibit A); see Complaint, Doc. 1 and Emergency Motion for Preliminary Injunction, Doc. 3 (both filed June 3, 2022) (Exhibit B).

## The "Good Cause" Standard

Under 28 U.S.C. § 1657: "the court shall expedite the consideration of any action brought . . . for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit."

[1]

Plaintiffs, a newly-formed political party, its officers and voters, as well as a Candidate for elected office, seek review of the denial of their motion for preliminary injunction. Good cause exists because this matter pertains to the November 8, 2022 election and ballot access rights under the First Amendment. Plaintiffs seek relief for the denial of their Candidate's, the new political party's and its voters' First Amendment rights.

## Florida Statute 99.021 – *Form of Candidate Oath*

Plaintiffs' complaint is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourteenth Amendments of the United States Constitution. Plaintiffs seek a determination that Florida Statute (Fla. Stat. 99.021 (2021) violates the Constitution. The Statute requires citizens who wish to run for any state or federal office to have been registered members, of the party they wish to run in, for a full year ("365 days") prior to the first day of the Qualifying Period for filing candidate papers. *See* Fla. Stat. 99.061 *et seq.* stating in relevant part:

***

(b) In addition, any person seeking to qualify for nomination as a candidate of any political party shall, at the time of subscribing to the oath or affirmation, state in writing:
    1.   The party of which the person is a member.

[2]

2. That the person has been a registered member of the political party for which he or she is seeking nomination as a candidate for **365 days before the beginning of qualifying** preceding the general election for which the person seeks to qualify.

***

(c) In addition, any person seeking to qualify for office as a candidate with no party affiliation shall, at the time of subscribing to the oath or affirmation, state in writing that he or she is registered without any party affiliation and that he or she has not been a registered member of any political party for **365 days before the beginning of qualifying** preceding the general election for which the person seeks to qualify.

Fla. Stat. 99.021 (2)(b) & (c). (**Emphasis supplied).**

Plaintiffs in the District Court have referred to Section 99.021 as the "365-day rule," whereas Defendants refer to it as the "Affiliation Provision." Notably, the Statute contains no exception for newly-formed parties.

## The Current Election Cycle

In the current election cycle, the first day of the Qualifying Period for the November 8, 2022 General Election was June 13, 2022. Plaintiffs had formed their new party the prior year, by submitting registration papers, including by-laws, to the election authority on July 15, 2021. The Department of State, Division of Elections' ("DOE") review required

the party to revise and resubmit the papers, and the party was recognized by the DOE by Acknowledgement Letter dated September 1, 2021.

However, according to the Statute, Plaintiffs were already too late; they were forbidden to run candidates; and the newly-formed party would neither fundraise nor collect petition signatures, because of the futility of the non-ballot-viable candidacies. Thus, under the Statute, newly-formed parties are forced to wait 513 days, in addition to whatever time the State takes to acknowledge the party; in Plaintiffs' case, another 48 days.  All during this time, since filing their papers, the Plaintiffs were bereft of counsel.

Therefore, good cause exists to expedite the submission of the parties' briefs because without an expedited schedule, this Court would not have sufficient time to issue its decision in time to place Candidate Elise Mysels' name on the ballot for the November 8, 2022 election. If a decision is not issued on the merits significantly before the election, and Plaintiffs prevail, ballots may need to be re-printed and mailed out a second time, or there may be a need to hold a special election for Pasco County Commissioner.

[4]

## Proceedings in the District Court

Plaintiffs found the undersigned attorney, by happenstance, in late April 2022. After doing due diligence concerning ballot access law, Florida law, the facts of this case, and gaining admission to the Middle District of Florida, Plaintiffs filed their Complaint and Emergency Motion on June 3, 2022. Exhibit B.

Owing to Middle District of Florida admission procedures, the undersigned had to mail the complaint, proposed summonses, motion for preliminary injunction, motion for special admission, and required fees to the Clerk overnight on June 1. Ex. B, Doc. 1-3. The undersigned had in fact contacted the Defendants on May 31 and sent unstamped copies on June 3. <u>The undersigned was not granted e-filing privileges until June 8.</u> See Ex. B, Docs. 1 & 3, Complaint and Emergency Motion, hand-stamped on June 3 with hand-written case number.

By that time, the District Court had already entered an Order on June 6, 2022 denying the Emergency Motion in part, "to the extent that Plaintiffs seek a temporary restraining order. Plaintiffs are directed to immediately serve on Defendants a copy of the complaint, a copy of

Plaintiffs' 'Emergency Motion and Memorandum of Law in Support of Preliminary Injunction and/or Temporary Restraining Order,' and a copy of this Order" and directing Defendants to file one consolidated response on or before June 16, 2022. Exhibit A, Doc. 5.

The District Court denied a Motion for Reconsideration and for a Revised, Expedited Briefing on June 9, stating in part: "The Court maintains the ability to rule on that [emergency] motion and grant a preliminary injunction, if appropriate, prior to the June 17, 2022, [candidate] filing deadline" referring to the end of the Qualifying Period. Exhibit A, Doc. 14.

As the June 17 filing deadline came and went, the District Court denied Plaintiffs' Motion for Leave to Reply with an Order issued June 21, 2022. Exhibit A, Doc. 24. The Motion for Leave was filed in inadvertent violation of local rules to a) confer and b) to not attach a Proposed Reply. Id. The next day, June 22, the District Court denied the Emergency Motion for Preliminary Injunction in a six-page Order. Id. at Doc. 25. On July 25, 2022 the District Court denied a briefed Rule 59(e) motion without comment. Id. at Doc. 32. Plaintiffs filed Notice of Appeal the next day. Plaintiffs have thus already presented

[6]

virtually all case law and argument they deem to be relevant in this matter.

### Argument: Expedited Briefing is Appropriate in this Case

Plaintiffs are seeking a determination that Fla. Stat. 99-021 violates the federal constitution, as well as injunctive relief, including enjoining enforcement of the Statute and placing Plaintiff Elise Mysels on the ballot as People's Party candidate for Pasco County Commissioner. It need not be added that Mysels will not be able to campaign or fundraise with a cloud over her head concerning her access to the ballot.

Defendants have been aware of this matter since May 31st, and have made the standard arguments of all ballot access defendants. See, e.g., *McCarthy v. Briscoe*[1], a ballot access case specifically exempted from *Purcell*[2] analysis by Justice Kavanaugh in his recent concurrence in *Merrill v. Milligan* 595 U. S. \_\_\_\_ (2022) (February 7, 2022). In cases such as *Briscoe* and *Anderson*[3] ballot access excuses about "disruption" and "stability" masquerade as argument; but state ballot access laws

---

[1] *McCarthy v. Briscoe* 429 U. S. 1317 (1976) (Powell, J., in chambers)
[2] *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curium)
[3] *Anderson v. Celebrezze*, 460 U.S. 780 1983)

[7]

must be "tied to a particularized legitimate purpose, and [be] in no sense invidious or arbitrary." *Anderson*, supra, 460 U.S. at 817, quoting *Rosario v. Rockefeller*, 410 U.S. 752, 762. All that seems particularized about Fla. Stat. 99.021 is the Defendants' desire to see newly-formed parties and candidacies wait a long, long time before running for office.

Plaintiffs have supported their arguments in this matter with a plethora of case law which will demonstrate, conclusively, that Fla. Stat. 99.021 is an outlier; that it violates settled law in *Tashjian* at page 215 of the decision, that forbids states from constricting a political party's pool of candidates to its own members[4]; that it discriminates against newly-formed parties and candidacies and is thus repugnant to the holdings of *Williams*[5], *Anderson*[6], and *Reed*[7]; that it constitutes a severe burden on the Plaintiffs' protected interests; that it is not the

---

[4] *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 215 (1986) (State cannot constrain party from allowing independents to vote in its primaries);
[5] *Williams v. Rhodes*, 393 U.S. 23 (1968) (state laws unconstitutional which "give the two old, established parties a decided advantage over any new parties struggling for existence");
[6] *Anderson v. Celebrezze*, 460 U.S. 780 (1983) (candidacy declared after qualifying deadline: "it is especially difficult for the State to justify a restriction that limits political participation by an identifiable political group whose members share a particular viewpoint, associational preference, or economic status");
[7] *Norman v. Reed*, 502 U.S. 279 (1992) (new party's "right derives from the First and Fourteenth Amendments and advances the constitutional interest of like-minded voters to gather in pursuit of common political ends, thus enlarging the opportunities of all voters to express their own political preferences.")

[8]

least restrictive way to address the State's legitimate interests, assuming that the State can articulate any.

If this appeal is not decided with urgency, the Defendants will have essentially have prevailed on this case, and Fla. Stat. 99.021 will have accomplished its purpose. The Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA) requires that states allow military members, their eligible family, and overseas citizens to vote absentee in federal elections. By September, pursuant to UOCAVA, the first ballots for overseas voters will be being printed and mailed.

After September, ballots will be printed for mailing to voters in the U.S., and for the start of early voting. Investigation continues as to early voting. Somewhat ironically, the DOE's Early Voting Page (last visited <u>today</u>, July 29, 2022) states "website last updated May 25, 2021," and, concerning early voting in the State's August 23rd primary, "information available after July 24, 2020," yet fails to provide that promised information to Floridians, as of this date. https://www.dos.myflorida.com/elections/for-voters/voting/early-voting-and-secure-ballot-intake-stations/

An expedited appeal is necessary in this case to avoid irreparable

[9]

harm to the Plaintiffs, to all voters who registered with the PPF, to those voters who are on PPFs email list and desire to see Mysels on the November 8, 2022 election ballot, and to all voters of Pasco County.

The legislative history for 28 U.S.C. § 1657 was reviewed by the Court of International Trade, and summarized as follows:

> As noted above, Congress has provided that "good cause" is found where (1) a claim of right arises "under the Constitution of the United States or a Federal Statute . . . [and 2] in a factual context that a request for expedited consideration has merit." 28 U.S.C. § 1657(a). The text, most "notably the reference to a `factual context', suggests that Congress contemplated case-by-case decision making" applying the standard. *Freedom Commc'ns Inc.*, 157 F.R.D. at 486.
>
> In elucidating the "good cause standard," the legislative history of section 1657(a) provides that "good cause" should be found: "[1] in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value, [2] in a case in which failure to expedite would result in extraordinary hardship to a litigant,[10] or [3] actions where the public interest in enforcement of the statute is particularly strong." H. Rep. No. 98-985, at 6 (1984), as reprinted in 1984 U.S.C.C.A.N. 5779, 5784 (footnotes omitted).

*Ontario Forest Industries Assoc. v. US*, 444 F. Supp.2d 1309, 1319 (Court of Intl. Trade 2006). See also, *American Bioscience, Inc. v. Thompson,* 269 F. 3d 1077 (D.C. Court of Appeals, 2001), fn.8 (Under 28 U.S.C. § 1657(a) the granting or denying of a preliminary injunction is a basis for an expedited appeal).

[10]

For example, in addressing an appeal of a preliminary injunction, the 9th Circuit expedited an appeal pursuant to 28 U.S.C. § 1657 to decide if the district court relied upon an erroneous legal premise or abused its discretion in granting a preliminary injunction. *Gregorio T. By and Through Jose T. v. Wilson*, 54 F. 3d 599 (9th Cir. 1995). As such, the Ninth Circuit held that extensive briefing was not warranted. Id.

Similarly, the matter before this Court of Appeals contains a limited record, and the standard of review is similarly whether the district court relied on an erroneous legal standard or abused its discretion. Extensive briefing is not needed, as the parties have presented their facts and argument before the district court.

Without a decision from this Court of Appeals by or shortly after the start of September, the placing of Candidate Mysels' name to the ballot becomes more and more difficult every day, and by November 8, 2022, the appeal will be moot, unless the extraordinary remedy of a special election is ordered.

Because of the upcoming election, which is a date fixed in time that cannot be changed, and the necessity to print ballots for military, overseas and early voting, Plaintiffs request that this appeal and the

court's decision be expedited pursuant to Rules 2 and 34 of the Federal Rule of Appellate Procedure, Fed. R.App. P. 2 & 34, Circuit Rule 27, 11th Cir. R. 27-1 (d)(9), and 28 U.S.C. § 1657.

Based on the need for expedited treatment discussed above, Appellants respectfully propose the following schedule:

| | |
|---|---|
| <u>Initial brief deadline:</u> | August 3, 2022 |
| <u>Answer brief deadline:</u> | August 10, 2022 |
| <u>Reply brief deadline:</u> | August 15, 2022 |
| <u>Argument (if ordered):</u> | Week of August 22, subject to the Court's availability. |

## Conclusion

For the foregoing reasons, Appellants respectfully request that the Court grant the motion to expedite and adopt the proposed schedule or, in the alternative, adopt a comparable, expedited schedule permitting prompt resolution of this appeal.

Dated: July 29, 2022                      Respectfully submitted,

/s/ Christopher Kruger

Christopher Kruger (Bar No. 6281923)
KRUGER & GRUBER, LLP
205 N. Michigan Avenue, Suite 810
Chicago, Illinois 60611
847 420 1763
chris@krugerandgruber.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of FED. R. APP. P. 27(d)(2)(A) because this motion contains 2,481 words, excluding the parts of the motion exempted by FED. R. APP. P. 32(f).

This motion complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook font.

Dated: July 29, 2022                          s/ Christopher Kruger
                                              Christopher Kruger
                                              *Counsel for Plaintiffs-*
                                              *Appellants*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on July 29, 2020. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 29, 2022

s/ Christopher Kruger
Christopher Kruger
*Counsel for Plaintiffs-Appellants*
